**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| SOPHIA STEWART, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> WARNER BROTHERS, INC., *et al.*, ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:12-cv-01875-PMP-GWF <br><br> **ORDER AND FINDING AND RECOMMENDATION** <br><br> Application to Proceed in Forma Pauperis (#3) and Screening of Complaint |

This matter comes before the Court on Plaintiff Sophia Stewart's ("Plaintiff") Application to proceed in forma pauperis ("Application") (#3), filed on November 8, 2012.

## BACKGROUND

Plaintiff brings this action under Section 5(a) of the Federal Trade Commission Act ("FTCA"), 15 U.S.C. § 44(a), and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125. The Court construes Plaintiff's Complaint to contain claims for trademark infringement, copyright infringement, and unfair trade practices. Plaintiff alleges that Defendants, distributors of the motion picture "Cloud Atlas" ("Picture"), claim during advertisements for the Picture that it is "from the creators of the Matrix Trilogy." Plaintiff alleges that Defendants thereby assert that they are the creators and owners of the Matrix Trilogy. Plaintiff claims, however, that since May 1, 1981, "pursuant to the United States Library of Congress," she is the legal "copyright owner, creator, author and source work of the Matrix Movie Trilogies, Sequels and Derivatives" under a protected work entitled "Third Eye." Plaintiff avers that it is "undisputed" that "Third Eye" is the source work for the Terminator and Matrix movie franchises. Defendants' advertising the Picture as from "the creators of the Matrix," Plaintiff therefore claims, maliciously deceives purchasers of

tickets for the Picture and infringes on her copyrights. In support of her claims, Plaintiff has attached to her Complaint (#1-2) a Certificate of Copyright Registration from the Library of Congress for a publication entitled "Third Eye."  Plaintiff also submits in an affidavit attached to her Complaint that she holds a July 20, 2010 copyright to "Matrix 4: The Evolution - Cracking the Genetic Codes," and that she intends to develop additional merchandise relating to her various copyrights.

## DISCUSSION

### I. Application to Proceed In Forma Pauperis

Plaintiff filed this instant action and attached a financial affidavit to her Application and Complaint as required by 28 U.S.C. § 1915(a).  Having reviewed Plaintiff''s financial affidavit under 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. Therefore, Plaintiff's request to proceed in forma pauperis in federal court is granted.

### II. Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a complaint pursuant to 28 U.S.C. § 1915(e).  Specifically, federal courts are given the authority to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A complaint, or portion thereof, should be dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief."  *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992).  A complaint may be dismissed as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989).  Moreover, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).  When a court dismisses a complaint under Section 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be

cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). For the purposes of this screening, all of Plaintiff's factual allegations are taken as true.

### a. Trademark Infringement

To establish a trademark infringement claim under Section 43(a) of the Lanham Act, Plaintiff must establish that Defendants are using a mark confusingly similar to a valid, protectable trademark of Plaintiff's. *Brookfield Comm., Inc. v. West Coast Ent. Corp.*, 174 F.3d 1036, 1046 (9th Cir. 1999). A "trademark" means "any word, name, symbol, or device, or any combination thereof" which a person uses "to identify and distinguish his or her goods ... from those manufactured or sold by others and to indicate the source of the goods." 15 U.S.C. § 1127. The limited purpose of the Lanham Act's trademark protection is "to avoid confusion in the marketplace by allowing a trademark owner to prevent others from duping consumers into buying a product they mistakenly believe is sponsored by the trademark owner." *Mattel, Inc. v. Walking Mountain Prods.*, 353 F.3d 792, 806 (9th Cir. 2003). "It is axiomatic in trademark law" that the standard test of ownership is priority of use. To acquire ownership of a trademark "it is not enough to have invented the mark first or even to have registered it first; the party claiming ownership must have been the first to actually use the mark in the sale of goods or services.*" Sengoku Works Ltd. v. RMC Int'l, Ltd.*, 96 F.3d 1217, 1219 (9th Cir.1996).

Plaintiff registered a copyright with the Library of Congress for a work entitled "Third Eye" in 1983, and a second for a work entitled "Matrix 4: The Evolution - Cracking the Genetic Codes" in 2010. Plaintiff does not allege that she has registered either title as a trademark. Plaintiff also does not allege Defendants have created "confusion in the marketplace" by using the title or name "Third Eye" for any of its products. Furthermore, Plaintiff's copyright for the "Matrix 4" work postdates Defendants' use of the "Matrix" name. Therefore, the Court finds that Plaintiff has not plead sufficient facts to proceed on her trademark infringement claim, and the claim's deficiencies cannot be cured.

### b. Copyright Infringement

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist*

3

*Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  The requisite level of originality is "extremely low," and need only possess some creative spark.  *Id.* at 345.  "Because direct evidence of copying is not available in most cases," a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir.1996).

Plaintiff owns the copyright to "Third Eye" and "Matrix 4."  Plaintiff's allegations, taken as true, establish that "Third Eye" is the substantive source for the plot of the Matrix Trilogy.  Plaintiff does not allege, however, that any aspect of the Picture in question or its advertisements copies a constituent part of "Third Eye" or "Matrix 4."  Plaintiff merely alleges that Defendants claim to be the originators of the Matrix.  Therefore, no matter how original and protected the material in "Third Eye" and "Matrix 4" may be, Plaintiff has not plead sufficient facts to proceed on her copyright infringement claim.

### c. **Unfair Trade Practices**

Under Section 5(a) of the FTCA, an unfair practice or act is one that "causes or is likely to cause substantial injury to consumers which is not reasonably avoidable by consumers themselves and not outweighed by countervailing benefits to consumers or to competition." *FTC v. Neovi Inc.*, 604 F.3d 1150, 1155 (9th Cir. 2010).   To find unfairness, the injury must satisfy three tests: (1) it must be substantial; (2) it must not be outweighed by countervailing benefits to consumers or competition; and (3) it must be one that consumers themselves could not reasonably have avoided. *FTC v. J.K. Publications, Inc.*, 99 F.Supp.2d 1176, 1201 (C.D Calif. 200) (citing *Orkin Exterminating Co., Inc. v. FTC*, 849 F.2d 1354, 1364 (11th Cir.1988)).  An act or practice can cause "substantial injury" by doing a "small harm to a large number of people." *Neovi*, 604 F.3d at 1157.  To determine whether consumers' injuries were reasonably avoidable, courts look to "whether the consumers had a free and informed choice." *Id.* at 1158.  Consumers have free choice if they "have reason to anticipate the impending harm and the means to avoid it." *Davis v. HSBC Bank Nevada, N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012).

Plaintiff claims that all consumers of the Picture suffered economic injury by purchasing tickets under false pretenses, namely, that the Picture was from the creators of the Matrix.  This

claim may have merit under *Neovi* as to all consumers.  The protection against unfair practices the FTCA affords, however, vests remedial power solely in the Federal Trade Commission.  *Carlson v. Coca-Cola Co.*, 483 F.2d 279, 280 (9th Cir. 1973).  Section 5(a) provides Plaintiff, a private litigant, with no direct remedy, either explicitly or implicitly.  *Id.*  Therefore, Plaintiff cannot proceed on her unfair trade practices claim, and the claim's deficiencies cannot be cured.

To the extent Plaintiff elects to proceed in this matter by filing an amended complaint, she is informed that the Court cannot refer to a prior pleading to make her amended complaint complete.  Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading.  This is because, as a general rule, an amended complaint supersedes the original complaint.  *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* (#3) is **granted**.  Plaintiff shall not be required to pay the $350.00 filing fee.

**IT IS FURTHER ORDERED** that Plaintiff is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor.  This Order granting leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall file Plaintiff's Complaint (#1-2).

**IT IS FURTHER ORDERED** that Plaintiff's copyright infringement claim is **dismissed**, without prejudice and with leave to amend, for failure to state a claim upon which relief can be granted.  Plaintiff shall have until **January 4, 2013** to file an amended complaint regarding her copyright infringement claim, if she believes she can cure the noted deficiencies.

...

...

...

**RECOMMENDATION**

The Court recommends that the Plaintiff's trademark infringement and unfair practices claims be **dismissed** with prejudice for failure to state a claim upon which relief can be granted, because the noted deficiencies cannot be cured.

**NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 10th day of December, 2012.

*[signature]*
GEORGE FOLEY, JR.
United States Magistrate Judge