1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7

SOPHIA STEWART,                              )
8                                            )
             Plaintiff,                   )      Case No. 2:12-cv-01875-PMP-GWF
9                                            )
vs.                                          )      **ORDER AND FINDINGS AND**
10                                           )      **RECOMMENDATION**
WARNER BROTHERS, INC., *et al.*,             )
11                                           )
             Defendants.                  )
12 _____       )

13          This matter comes before the Court on Plaintiff's Amended Complaint (#10), filed on

14  February 14, 2013.  The Court granted Plaintiff's Motion to Proceed in Forma Pauperis (#1) on

15  December 10, 2012.  *See Order, Doc. #4*.  The Court also dismissed Plaintiff's copyright

16  infringement claim without prejudice, and recommended that Plaintiff's trademark infringement

17  and unfair practices claims be dismissed.  *Id.*  Plaintiff filed Objections (#7) to the Order and

18  Recommendation (#4) on December 27, 2012.  The District Judge affirmed this Court's Order (#4)

19  on January 15, 2013, and dismissed the trademark infringement and unfair practices claims with

20  prejudice.  *See Order, Doc. #8*.  The District Judge granted Plaintiff leave to file the instant

21  Amended Complaint, *See Doc. #8* at 2:9, which is now before this Court for screening.

22                              **BACKGROUND**

23          Plaintiff brings this action under Section 5(a) of the Federal Trade Commission ("FTC")

24  Act, 15 U.S.C. § 44(a), Section 43(a) of the Lanham Act, 15 U.S.C. § 1125, and the Sherman

25  Antitrust Act, 15 U.S.C. § 1.  The Court construes Plaintiff's Complaint to contain claims for

26  trademark infringement, copyright infringement, unfair trade practices, and unlawful restraint of

27  trade.  Plaintiff also seeks injunctive relief under the FTC and Lanham Acts.  Plaintiff alleges that

28  Defendants, distributors of the motion picture "Cloud Atlas" ("Picture"), claim during

advertisements for the Picture that it is "from the creators of the Matrix Trilogy." Plaintiff alleges

that Defendants thereby assert that they are the creators and owners of the Matrix Trilogy. Plaintiff

claims, however, that since May 1, 1981, "pursuant to the United States Library of Congress," she

is the legal "copyright owner, creator, author and source work of the Matrix Movie Trilogies,

Sequels and Derivatives" under a protected work entitled "Third Eye." Plaintiff avers that it is

"undisputed" that "Third Eye" is the source work for the Terminator and Matrix movie franchises.

Defendants' advertising the Picture as from "the creators of the Matrix," Plaintiff therefore claims,

maliciously deceives purchasers of tickets for the Picture and infringes on her copyrights. In

support of her claims, Plaintiff has attached to her Complaint (#1-2) a Certificate of Copyright

Registration from the Library of Congress for a publication entitled "Third Eye." Plaintiff also

submits in an affidavit attached to her Complaint that she holds a July 20, 2010 copyright to

"Matrix 4: The Evolution - Cracking the Genetic Codes," and that she intends to develop additional

merchandise related to her various copyrights.

## DISCUSSION

### I.    Screening the Complaint

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen a

complaint pursuant to 28 U.S.C. § 1915(e). Specifically, federal courts are given the authority to

dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which

relief may be granted, or seeks monetary relief from a Defendant/Third Party Plaintiff who is

immune from such relief. 28 U.S.C. § 1915(e)(2). A complaint, or portion thereof, should be

dismissed for failure to state a claim upon which relief may be granted "if it appears beyond a

doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to

relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). A complaint may be dismissed

as frivolous if it is premised on a nonexistent legal interest or delusional factual scenario. *Neitzke

v. Williams*, 490 U.S. 319, 327–28 (1989). Moreover, "a finding of factual frivolousness is

appropriate when the facts alleged rise to the level of the irrational or the wholly incredible,

whether or not there are judicially noticeable facts available to contradict them." *Denton v.

Hernandez*, 504 U.S. 25, 33 (1992). When a court dismisses a complaint under Section 1915(e),

2

the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995). For the purposes of this screening, all of Plaintiff's factual allegations are taken as true.

### a.   Trademark Infringement and Unfair Trade Practices

The District Judge previously dismissed Plaintiff's trademark infringement and unfair trade practices claims with prejudice. *See January 15, 2013 Order, Doc. #8* at 2:2-5. Plaintiff is unable to re-allege them now.[1] The Court will strike the trademark infringement and unfair trade practices claims from the instant Amended Complaint. The Court will also therefore recommend denial of Plaintiff's Motion for Injunctive Relief (#11) under the FTC and Lanham Acts.

### b.   Copyright Infringement

To establish copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). The requisite level of originality is "extremely low," and need only possess some creative spark. *Id.* at 345. "Because direct evidence of copying is not available in most cases," a plaintiff can establish copying by showing (1) that the defendant had access to the plaintiff's work and (2) that the two works are substantially similar. *Smith v. Jackson*, 84 F.3d 1213, 1218 (9th Cir. 1996).

Plaintiff owns the copyright to "Third Eye" and "Matrix 4." Plaintiff's allegations, taken as true, establish that "Third Eye" is the substantive source for the plot of the Matrix Trilogy. As in her original Complaint, Plaintiff does not allege that any aspect of the Picture in question or its advertisements copies a constituent part of "Third Eye" or "Matrix 4." Plaintiff merely alleges that Defendants claim to be the originators of the Matrix. Therefore, Plaintiff has not plead sufficient facts to proceed on her copyright infringement claim, and the Court finds the deficiencies cannot be cured.

---

[1] Plaintiff also attempts to assert a claim under Nevada's Unfair Trade Practices law. Nevada's law, however, like the FTC Act, does not provide for a private cause of action. *See* Nev. Rev. Stat. § 207.174.

### c.    Unlawful Restraint of Trade

Section 1 of the Sherman Act prohibits "[e]very contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among the several States."  15 U.S.C. § 1. Section 1 "outlaw[s] only unreasonable restraints." *State Oil Co. v. Khan*, 522 U.S. 3, 10 (1997).  The rule of reason is the accepted standard for testing whether a practice restrains trade in violation of Section 1.  *Texaco Inc. v. Dagher*, 547 U.S. 1, 5 (2006).  "Under this rule, the factfinder weighs all of the circumstances of a case in deciding whether a restrictive practice should be prohibited as imposing an unreasonable restraint on competition." *Continental T. V., Inc. v. GTE Sylvania Inc.*, 433 U.S. 36, 49 (1977).  Appropriate factors to consider include "specific information about the relevant business" and "the restraint's history, nature, and effect." *Khan*, 522 U.S. at 10.  Whether the businesses involved have market power is also a factor. *See, e.g., Copperweld Corp. v. Independence Tube Corp.*, 467 U.S. 752, 768 (1984).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957).   Plaintiff's obligation to provide the "grounds" of her "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  "In applying these general standards to a [Sherman Act] § 1 claim," Plaintiff's Complaint must allege "enough factual matter (taken as true) to suggest that an agreement was made." *Id.*  Here, aside from cursorily stating that Defendants' activities constituted "a combination and conspiracy against trade," *see Amend. Compl., Doc. #10* at 3 ¶8, Plaintiff alleges no facts that suggest any agreement or any restraint of trade.  Given the sparse factual allegations and the pleading requirements of Sherman Act claims, it does not appear that Plaintiff has a viable antitrust claim.  The Court, however, will permit Plaintiff one additional opportunity to file an amended complaint that pleads sufficient facts to proceed on a Sherman Act claim.

The Court notes that Plaintiff did not raise her antitrust claim in the original Complaint (#5).  Having now afforded Plaintiff two opportunities to assert her claims against Defendants, the

4

Court will not consider any new claims.  In the event the District Judge adopts the recommendations below and Plaintiff elects to proceed by filing an additional amended complaint, the complaint shall be limited to her Section 1 Sherman Act claim.  The Court will recommend any other claims be dismissed with prejudice.  If Plaintiff fails to plead sufficient facts to support a Sherman Act claim, the Court will recommend dismissal with prejudice and Plaintiff will not be permitted to file further amended complaints.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's trademark infringement and unfair trade practices claims are **stricken**.

**IT IS FURTHER ORDERED** that Plaintiff's Section 1 Sherman Act claim is **dismissed**, without prejudice,  for failure to state a claim upon which relief can be granted.

**IT IS FURTHER ORDERED** that Plaintiff may file one additional amended complaint. The complaint shall be limited to her Sherman Act claim.

## RECOMMENDATIONS

**IT IS HEREBY RECOMMENDED** that Plaintiff's copyright infringement claim be **dismissed**.

**IT IS FURTHER RECOMMENDED** that, in light of the District Judge's dismissal of Plaintiff's FTC Act and Lanham Act claims, *see Order, Doc. #8*, Plaintiff's Motion for Injunctive Relief (#11) be **denied**.

...

...

...

...

...

...

...

...

...

...

**NOTICE**

Under Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days.  Appeals may been waived due to the failure to file objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  Failure to file objections within the specified time or failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 4th day of March, 2013.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge